FILED
U.S. DISTRICT COURT
2014 JAN 10 A 10: 28
DISTRICT OF UTAH

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRENDAN ROSS CHEESEBROUGH, Petitioner, v. SIM GILL, Respondent. | MEMORANDUM DECISION & ORDER TO AMEND DEFICIENT PETITION<br><br>Case No. 2:13-CV-264 RJS<br><br>District Judge Robert Shelby |

Petitioner, Brendan Ross Cheesebrough, an inmate at Salt Lake County Adult Detention Center, filed a *pro se* habeas corpus petition. *See* 28 U.S.C.S. § 2254 (2013). Reviewing the Petition, the Court concludes that the Petition is deficient as described below. *See id.* Petitioner must cure these deficiencies if he wishes to pursue his claims.

## Deficiencies in Petition:

Petition:

(a) does not list the full procedural history of all direct appeals or post-conviction proceedings, with complete dates.

(b) inappropriately requests relief under § 2254 for some claims that appear to be more properly brought under § 2241.

(c) appears to allege claims regarding Petitioner's conditions of confinement, which are inappropriately brought in this habeas petition and should instead be brought in a § 1983 complaint in a separate case.

(d) lists a respondent other than his custodian.

(e) has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions

of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

**Instructions to Petitioner**

Under Rule 8 of the Federal Rules of Civil Procedure, an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment

2

supercedes original). Second, the petitioner must clearly state whom his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent. *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts. Third, Petitioner may generally not bring civil-rights claims as to the conditions of his confinement in a habeas corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254; any claims about the execution of Petitioner's sentence should be brought under 28 U.S.C.S. § 2241. Fifth, Petitioner should seek help to prepare initial pleadings from legal resources available where he is held.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed herein, this action will be dismissed without further notice.

DATED this 9th day of January, 2014.

BY THE COURT:

JUDGE ROBERT J. SHELBY
United States District Court

3